UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALDINAY MENDOZA,

                                  Petitioner,

  -v.-                                              9: 04-CV-1270
                                                    (LEK)(DEP)

DAVID L. MILLER, Superintendent,
Eastern New York Correctional Facility,

                                  Respondent.

---

APPEARANCES:                              OF COUNSEL:

ALDINAY MENDOZA
Petitioner, *pro se*

HON. ELIOT SPITZER                     DANIELLE L. ATTIAS, Esq.
New York State Attorney General         Assistant Attorney General
Attorney for Respondent

**LAWRENCE E. KAHN, U.S. District Judge**

### ORDER

      Petitioner Aldinay Mendoza filed petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging a Schenectady County Court conviction for three counts of criminal possession of a controlled substance in the third degree. *See* Dkt. No. 1. Respondent filed a response in opposition to the petition. Dkt. Nos. 6, 7.

      Currently before the Court is petitioner's motion to stay this proceeding in order that he may exhaust his state court remedies with regard to an unexhausted claim. Dkt. No. 10. Respondent opposes the motion to stay. Dkt. No. 14.

      As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 122 S.Ct. 506 (2001), the procedural complexities confronting a habeas

petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable.  In cases such as this, where the petitioner seeks to pursue additional unexhausted claims in state court, as well as cases where the court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition.  The Second Circuit ruled in *Zarvela*, that when presented with a mixed petition, the district court may dismiss without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies; however if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the petition.  *Zarvela*, 254 F.3d at 380.  The Second Circuit went on to state that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies."  *Id*.  The Second Circuit stated:

> Therefore, where a district court elects to dismiss only unexhausted claims and stay proceedings as to the balance of the petition, the court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days.  With the time to initiate exhaustion and to return to federal court thus limited, a stay of the exhausted claims will often be preferable to a dismissal of the entire petition because such a stay will reflect the continued viability of the initially filed exhausted claims.

*Id*. at 381.

In this case, where the New York Court of Appeals denied petitioner leave to appeal his convictions on February 27, 2003,[1] Petitioner's conviction became "final" for purposes of the

---

[1] *See* 3 N.Y.3d 709 (2004).

AEDPA no later than May 28, 2003,[2] and the one year statute of limitations began to run on that date. Absent any tolling, the statute of limitations would have expired on or about May 28, 2004. 28 U.S.C. § 2244(d)(1)(A) provides, however, that the limitations period may be tolled during the pendency of a properly filed application for state post conviction relief.[3] On March 23, 2004, Petitioner filed a motion pursuant to New York Criminal Procedure Law (CPL) § 440.20. Accordingly, the statute of limitations was tolled during the time this motion was pending -- from March 23, 2004, when petitioner filed the motion, until August 31, 2004, when the Appellate Division denied him leave to appeal, a period of 161 days. Thus, Petitioner's statute of limitations expired on November 5, 2004. Because dismissal of this petition would jeopardize petitioner's ability to timely file a renewed petition after state court exhaustion of his additional claims is completed, a stay is clearly preferable.

Relying upon *Rhines v. Weber*, 125 S.Ct. 1528 (2005), Respondent argues that the granting of a stay is inappropriate in this case. In *Rhines*, the Supreme Court stated:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition ... For these reasons, stay and abeyance should be available only in limited circumstances ... Because granting a stay effectively excuses a

---

[2] A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States).

[3] The filing of a federal habeas corpus petition does not toll the AEDPA's statute of limitations. *Duncan v. Walker*, 531 U.S. 991 (2001).

> petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 125 S.Ct. at 1534-35.

The Supreme Court cautioned however, that

> ... it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See Lundy, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief").

*Rhines*, 125 S.Ct. at 1535.

The Rockefeller Drug Law Reform Bill ("Drug Reform Act"), was enacted by the New York State Legislature on December 14, 2004. *See* Session Laws, 227th Leg., Chapter 738 (N.Y. 2004) ("Chapter 738"). According to the Sponsor's Memorandum for Chapter 738 (N.Y. Sponsors Memorandum, 2004 Ch. 738), the purpose of the Drug Reform Act was to "reform the sentencing structure of New York's drug laws to reduce prison terms for non-violent drug offenders, provide retroactive sentencing relief and make related drug law sentencing improvements." Petitioner claims that, because of the Drug Reform Act, his present sentence is violative of his rights to due process and equal protection since the Drug Reform Act requires the imposition of lesser sentences for felony drug offenders sentenced after the enactment of the Drug Reform Act than the sentence

imposed upon Petitioner under the prior Rockefeller Drug Law.

Petitioner argues that he could not have raised his claim under the Drug Reform Act until the effective date of the Act -- December 14, 2004. Dkt. No. 15 at 1-2. Moreover, while Petitioner's claim **may** ultimately prove to be without merit, the Court cannot conclude at the present time that Petitioner's claim is "plainly meritless." The Court has been presented with no evidence that Petitioner has engaged in intentionally dilatory tactics.

Accordingly, in light of *Zarvela*, and in order to preserve the viability of Petitioner's exhausted claims, further proceedings in this matter are hereby stayed in order that Petitioner may promptly pursue his unexhausted claims in state court and, if necessary, return to this court after exhaustion is completed.

**WHEREFORE**, based on the foregoing, it is hereby

**ORDERED**, that Petitioner's request to stay this action (Dkt. No. 10) is **GRANTED**, and further proceedings in this matter are hereby **STAYED**, on the following terms and conditions: **Within thirty (30) days** of the filing date of this Order, Petitioner shall commence in the appropriate state court one or more post-conviction proceedings by which he asserts the claims for relief which formed the basis of his stay request,[4] and it is further

**ORDERED**, that **within thirty (30) days** of the resolution of Petitioner's state court proceeding(s), Petitioner must file a motion for leave to amend his petition to set forth the newly exhausted claims. Petitioner's motion must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules of the Northern District and must be accompanied by a proposed

---

[4] In this case, it appears that Petitioner has already commenced a CPL § 440.20 proceeding in state court.

amended petition which is a complete pleading.  Petitioner must also provide a copy of the state court decision(s) concerning the disposition of the newly exhausted claims, and it is further

**ORDERED**, that Petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding(s), and it is further

**ORDERED**, that if Petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties.

Dated:  October 28, 2005
         Albany, New York

Lawrence E. Kahn
U.S. District Judge